**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **LOY EUGENE ALLEN,** | § | |
| | § | **A-06-CA-076 LY** |
| **V.** | § | **(A-04-CR-028(1) LY)** |
| | § | |
| **UNITED STATES OF AMERICA.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

Before the Court are: Movant's Motion to Eliminate Enhancements and Reduce Sentence filed on January 17, 2006 (Clerk's Doc. No. 212); Movant's Addendum to 28 U.S.C. § 2255 filed March 6, 2006 (Clerk's Doc. No. 221); the Government's Response to Movant's Motion to Vacate, Set aside, or Correct Sentence filed on March 29, 2006 (Clerk's Doc. No. 224); and Movant's Reply to the Government's Motion filed April 21, 2006 (Clerk's Doc. No. 226).

**I. GENERAL BACKGROUND**

Movant Loy Eugene Allen ("Movant") was charged in both counts of a two-count superseding information with: conspiracy to manufacture a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. §§ 841and 846 (count one); and aiding and abetting in the carrying of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)

(c)(1)(B)(i), and 18 U.S.C. § 2 (count two). On June 15, 2004, pursuant to a plea agreement, Movant entered a plea of guilty to both counts. As part of the plea agreement, Movant expressly waived his right to file a § 2255 motion attacking the sentence. However, Movant did not waive his right to challenge his sentence to the extent his constitutional rights were violated based on ineffective assistance of counsel or prosecutorial conduct or to appeal any upward departure. The District Court sentenced Movant to a 108-month term of imprisonment on count one and a consecutive 60-month term of imprisonment on count two, followed by a three-year term of supervised release. Movant was further ordered to pay a fine in the amount of $200 and $420 in restitution to the Texas Department of Public Safety. Movant did not file a direct appeal of this conviction and sentence.

On January 17, 2006, Movant filed a motion entitled "Motion to Eliminate Enhancement and to Reduce Sentence." The district court issued an order on January 31, 2006, construing Allen's motion as a motion to vacate pursuant to 28 U.S.C. § 2255, and further ordered Movant to withdraw his motion, file a notice of consent allowing the court to consider his motion to be a § 2255 motion, or amend his instant motion so that it contained all of the claims he wished to assert by March 3, 2006. On March 6, 2006, Movant filed his notice of consent to have the court construe his motion as a § 2255 motion.

## II. ISSUE PRESENTED

In his § 2255 Motion, Movant contends that the District Court imposed an illegal sentence in violation of *United States v. Booker*, 543 U.S. 220 (2005), because it enhanced his sentence on facts not found by a jury. The Government argues that Movant's § 2255 Motion is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 because Movant failed to file his § 2255 Motion within the one-year period of limitations as set forth in the AEDPA. However,

2

Movant argues that his Motion is not time-barred because the holdings in *Booker* apply retroactively to § 2255 motions and because 18 U.S.C. § 3553(b)(1) and 3742(e) were an impediment to him filing this § 2255 motion.

### III.  ANALYSIS

**A.     Standard of Review**

Before the merits of Movant's claim can be addressed, the Court must determine the threshold issues of whether Movant's claim is cognizable under § 2255.  There are only four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Thus, § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice."  *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).  A district court's technical application of the Guidelines does not give rise to a constitutional issue.  *Id.* Violations of Rule 11 that could have been raised on direct appeal may not be presented in a collateral attack upon the defendant's sentence. *United States v. Timmreck*, 441 U.S. 780, 783-85 (1979). Likewise, claims that a trial court violated Rule 32 in the course of imposing a sentence may not be

3

brought pursuant to § 2255 when such claims could have been raised on direct appeal. *United States v. Weintraub*, 871 F.2d 1257, 1266 (5th Cir. 1989).

Movant expressly waived his right to appeal his sentence, absent an upward departure, and he waived his right to file a § 2255 motion. A defendant who has been convicted and has exhausted or waived his right to appeal is presumed to have been fairly and finally convicted. *Placente*, 81 F.3d at 558. A "collateral challenge may not do service for an appeal." *United States v. Friday*, 456 U.S. 152, 165 (1982). Therefore, a defendant, such as Movant, who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such errors. *Placente*, 81 F.3d at 558.

**B.    AEDPA**

To the extent Movant is arguing about the technical application of the Sentencing Guidelines in his case, as noted above, nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. *Vaughn*, 955 F.2d at 368. A district court's technical application of the Guidelines does not give rise to a constitutional issue. *Id.* Movant's claim is not cognizable under the limited scope of relief available under § 2255 because it is not of constitutional dimension, and was not raised on direct appeal.

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. Section 105 of the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for filing a § 2255 motion in federal court. Section 2255, amended by § 105(2) of the AEDPA, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

### 1. Newly Recognized and Retroactively Applicable Right

Relying on section (3) of the savings clause, Movant argues that his claims concern a Constitutional right recently recognized by the Supreme Court that would have a retroactive effect on his claims. Movant claims that the District Court violated his Sixth Amendment rights by enhancing his sentence beyond the statutory maximum with information that was not garnered from a jury verdict or admitted by the Movant. *See Booker*, 125 S.Ct. at 755-56. However, the Fifth Circuit has held that *Booker*'s holding does not apply retroactively to cases on collateral review. *United States v. Gentry*, 432 F.3d 600, 603 (5th Cir. 2005). As a result, Movant's claims are not saved by the holding in *Booker*.

Moreover, section (3) of the savings clause would not aid Movant even if *Booker* were retroactively applicable. *Booker* was decided on January 12, 2005, thus that is the date the Supreme Court "initially recognized" the right at issue. Under section (3), Movant had one year from that date to file his motion. The motion, however, was not filed until January 17, 2006, more than one year later.

### 2. Impediment by Government

Additionally, Movant argues that his claims are not time-barred because of a government impediment that he asserts was not removed until the ruling in *Booker* on January 12, 2005. This alleged impediment was 18 U.S.C. §§ 3553(b)(1) and 3742(e). Although it is true that Movant could not have sought this relief before *Booker* was decided, he fails to identify any impediment to his filing the instant motion between January 12, 2005, the date *Booker* was decided, and January 17, 2006, the date the motion was filed. Thus, this argument is without merit.[1]

### 3. Date on Which Judgment of Conviction Becomes Final

Because subsections (2)-(4) of the savings clause are not applicable, the statute began running on Movant's § 2255 claim on "the date on which the judgment of conviction bec[ame] final." 28 U.S.C. § 2255(1). While § 2255(1) does not define when a judgment of conviction becomes "final" for purposes of the limitation period, the Fifth Circuit has held that a defendant's conviction becomes final when the appeal becomes final, or the time for seeking further direct review expires. *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000).

In the case at bar, judgment was entered against Movant on September 24, 2004. Although Movant did not file a direct appeal of his conviction and sentence, he had until October 4, 2004, to file a direct appeal. FED. R. APP. P. 4(b)(1). Thus, Movant's conviction became final on October 4, 2004. Under the AEDPA, Plaintiff was therefore required to file a § 2255 motion by October 4, 2005. Movant, however, did not file the instant § 2255 motion until January 17, 2006, which is well beyond the one year limitation. Accordingly, Movant's motion is time-barred under the AEDPA.

---

[1] There was no argument raised regarding subsection (4) of § 2255, nor is it applicable.

## IV.  RECOMMENDATION

The Magistrate Court RECOMMENDS that the District Court DENY Movant' Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255.

## V.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of May, 2006.

*[signature]*

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE